UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KAREN-CHARRONE FELTON,                )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )    Case No. 4:23CV777 HEA
                                      )
SARAH UNKNOWN, et al.,                )
                                      )
        Defendants.                   )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Ideal Recovery, Inc. and

Shannon Losinske's Motions to Dismiss, [Doc. No.'s 21 and 24].  Plaintiff did not

respond to the Motions.  For the reasons set forth below, the Motion is granted.

### Facts and Background

 Plaintiff, acting *pro se*, has filed four complaints to date. In the Third

Amended Complaint, Plaintiff states the basis for the Court's jurisdiction is "Grand

theft auto," but also lists Defendants Losinske and US Bank as having diverse

citizenship from herself. Plaintiff states as her claim: Seizure of motor conveyance,

violation of negotiable instrument on January 23, 2023, which resulted in stress,

lost wages, work missed, duress, and crying. As to what each defendant personally

did to her, Plaintiff states "fail to notify me that vehicle was discharged."

### Legal Standard

In order "[t]o survive a motion to dismiss, a complaint must plead sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible if the plaintiff pleads facts that allow the court to draw the reasonable inference that the Defendants is liable for the misconduct alleged." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 953 (8th Cir. 2023) (internal quotation marks and alteration omitted) (quoting *Iqbal*, 556 U.S. at 678)). "If, on the other hand, the plaintiff pleads facts that are merely consistent with a Defendants' liability, the complaint stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted); accord *Edwards*, 58 F.4th at 377 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief." (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937)).

In deciding whether a complaint satisfies the plausibility test, the Court must "accept 'as true the complaint's factual allegations and grant[ ] all reasonable inferences to the non-moving party.'" *Park Irmat Drug Corp. v. Express Scripts Holding Co*., 911 F.3d 505, 512 (8th Cir. 2018) (alteration in original) (quoting *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 591 (8th Cir. 2009)). This rule "is

inapplicable to legal conclusions," which the Court may disregard. *Iqbal*, 556 U.S. at 678. Likewise, "'naked assertions devoid of further factual enhancement,' do not suffice, nor do '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). With few exceptions, the Rule 12(b)(6) analysis is constrained to factual matter alleged in the complaint. See *Miller v. Redwood Toxicology Lab.,* Inc., 688 F.3d 928, 931 (8th Cir. 2012) ("[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Id.* (citations omitted)).

## Discussion

Defendants move to dismiss for failure to state claims against them.

### Ideal Recovery, Inc.

Defendant Ideal argues there are no allegations specifically directed to it or related to any cause of action. The Court agrees. Plaintiff fails to set forth any facially plausible claim that Ideal took any action which may have caused harm to Plaintiff. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

### Shannon Losinske

Defendant Losinske similarly argues Plaintiff fails to state a claim against her. As correctly argued, Plaintiff fails to allege a single claim against Defendant Losinske. Even with the listing of certain sections of the Uniform Commercial Code, Plaintiff in no way makes any connection of these sections with any acts Defendant performed. Indeed, Plaintiff's Third Amended Complaint fails to contain sufficient factual allegations which would give rise to a cause of action. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need not provide "detailed factual allegations" but must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is plausible on its face when the plaintiff pleads sufficient facts to allow the Court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This requires a complaint to contain enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Furthermore, "[c]ourts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments." *Little v. United States Dep't of Def.*, No. 4:21-CV-1309-JAR, 2022 WL 1302759, at *3 (E.D. Mo. May 2, 2022); see also *Ursery v. Federal Drug Enforcement Admin.*, No. 4:12CV1911 HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014)

(collecting cases). Here, Plaintiff has not responded to any of Defendants' arguments.

## Conclusion

In order to state a plausible cause of action, Plaintiff is required to plead sufficient facts showing she is entitled to relief. The Court may not accept conclusions in assessing the sufficiency of the pleading. Plaintiff's claims, while basically incoherent, are based on the conclusions and threadbare allegations. The Third Amended Complaint fails to provide sufficient factual allegations to show Plaintiff may be entitled to relief Defendants' motions to dismiss are well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ideal Recovery, Inc.'s motion to dismiss, [Doc. No. 21] is **granted**.

**IT IS FURTHER ORDERED** that Defendant Shannon Losinske's motion to dismiss, [Doc. No. 24] is **granted**.

**IT IS FURTHER ORDERED** that Defendants Ideal Recovery, Inc. and Shannon Losinske are dismissed from this action.

Dated this 4th day of June, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

5